# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL HAIRSTON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION d/b/a AMTRAK, )<br>)<br>)<br>Defendant. ) | COMPLAINT FOR DAMAGES<br>**JURY TRIAL DEMANDED** |

1. Plaintiff, MICHAEL HAIRSTON, is an adult U.S. citizen, and resident of the State of North Carolina and at all times herein was a fare-paying passenger onboard the Defendants passenger train, originating in Charlotte, North Carolina, owned, leased, controlled and operated in the furtherance of interstate commerce by Defendant NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK (AMTRAK).

2. Defendant, NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK (AMTRAK), is a corporation organized and existing under the laws of the United States of America with a principal place of business in Washington, D.C. Defendant AMTRAK has an office for the transaction of business, and transacts business in Greensboro, North Carolina and in this District. Defendant AMTRAK can be served through its registered agent CT Corporation at 1015 15th Street NW, Suite 1000, Washington, DC 20005.

1

3. There may be unknown entities or "John Does" who may be at fault and when their identification becomes known, these pleadings may be amended accordingly. This may include but is not limited to those entities involved in the design or construction of the route or of mechanical equipment used on the rail line at issue.

4. The court has federal question jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, because AMTRAK is a congressionally incorporated corporation, over half of whose capital stock is owned by the federal government. Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and AMTRAK engaged in substantial business activities in the State of North Carolina.

5. On and before November 6, 2018, Defendant AMTRAK was a corporation doing business as a common carrier engaged in the transportation of passengers between various destinations in North Carolina and other states.

6. On November 6, 2018, the AMTRAK Passenger train traveled on a segment of railroad track between Kannapolis and Salisbury with railroad equipment, locomotives and railcars operated, managed, maintained, supervised, owned, designed, constructed and/or controlled, or contracted to operate, manage, maintain, supervise, own and/or controlled by Defendant AMTRAK.

7. On and before November 6, 2018 Defendant permitted, at departure in Charlotte, NC an unsafe railcar to remain on its train which was defective. The railcar was not inspected at Charlotte NC as AMTRAK does not schedule personnel to perform FRA mandated inspections at this Depot.

8. In the alternative, on and before November 6, 2018 at the time of the incident, an unsafe condition existed on the AMTRAK train as it traveled at or near

2

Kannapolis, NC. The train became inoperable and was disabled on the mainline track with the passengers stuck on the Train. The crew assured the passengers it would ensure they are safe and off the train before any work or train couplings occurred and to relax and stand and stretch.

9. On November 6, 2018 the Amtrak train was performing tasks on the mainline to remove the defective railcar and without notice made a hard movement or coupling with a locomotive which suddenly moved the sitting and standing passengers within the cars violently and during this violent crash of steel caused plaintiff, who was standing in the railcar, to injury his Left Shoulder, Neck and Back and as otherwise set forth in the medical records.

10. That immediately prior to this hard, dangerous, unannounced sudden strong movement, the employees for the defendant had continued to inform and assure the passengers they would actually disembark or exit the train prior to any train on track movement. The passengers were informed they would first be bused to the next location.

11. On November 6, 2018 Plaintiff MICHAEL HAIRSTON was injured during this unannounced movement and coupling as described and promptly reported this injury to Amtrak and was assigned claim number 156185/1. Amtrak acknowledged the defective railcar and its unsafe operating conditions.

12. As a result, Plaintiff MICHAEL HAIRSTON was traumatized and injured for which he was hospitalized for care and treatment. Plaintiff has undergone multiple surgeries, invasive medical procedures, injections, medications, physical therapy all at great economic cost, but none have cured the pain and suffering he experiences daily. Plaintiff continues to receive medical care and will in the future require such care.

13. Plaintiff's injuries, damages, and losses were proximately caused by Defendant AMTRAKs wrongful unsafe conduct under common law, federal and state statutes and regulations, rendering Defendant liable and at fault for all injuries and damages.

14. Upon information and belief, Defendant AMTRAK owns, maintains, and operates the railcars and engines that comprised the AMTRAK train and controlled all movements and communications with its passengers and crew.

15. On and before November 6, 2018, Defendant AMTRAK had a duty to safely operate, inspect, maintain, and repair the railcars and engines that comprised the Amtrak train including properly and safely performing these tasks prior to departure.

16. Defendant Amtrak, through its agents and employees, was a common carrier and owed its passenger MICHAEL HAIRSTON, the highest duties of care, as well as duties of ordinary and reasonable care.

17. Defendant AMTRAK, through its agents and or employee, was at fault and violated the highest duty of care and reasonable duties of care including but not limited to one or more of the following ways:

a. Failed to install and render operable proper train-control safety;

b. Failed to institute safe practices and procedures to inform the passengers of sudden unannounced rules.

c. Failed to comply with Defendant's own operational and safety plan, rules, standards, and procedures;

d. Failed to comply with the applicable federal standards of care, including, but not limited to, the failure to comply with applicable federal statutes or regulations;

e. Failed to properly train its agents and/or employees in the safe operation, pre-inspection, maintenance, and repair of the railcars and engines;

f. Failed to properly supervise its agents and/or employees in the proper safe operation, inspection, maintenance, and repair of the railcars and engines;

g. Failed to properly maintain the rail cars and engines in a safe condition for the operation of passenger trains;

h. Failed to properly operate, inspect, maintain, and repair the railcars and engines in accordance with applicable regulatory and/or industry standards;

i. Failed to properly operate, inspect, maintain, and repair the railcars and engines to ascertain whether they were in a safe condition for use as a passenger train before commencing operation;

j. Failed to properly train its agents and/or employees in the safe manner to ensure its passengers remain safe during railroad operations.

k. Failed to properly supervise its agents and/or employees in the proper maintenance, control and safety of the train;

l. Failed to properly maintain the railcars in a safe condition for the passage of passenger trains;

m. Failed to properly maintain the railcars and train movements in accordance with applicable regulatory and/or industry standards;

n. Failed to properly inspect the track to ascertain whether it was in a safe condition for the passage of passenger trains before placing the railcar and train and locomotives in service;

o. Was otherwise careless and negligent.

18. As a direct and proximate result of one or more of the above acts and/or omissions of the Defendant AMTRAK, Plaintiff has suffered serious physical and emotional injuries, requiring past and future medical care, disability, loss of enjoyment of life, pain, anxiety, distress and emotional trauma, physical impairment and disfigurement, pecuniary and economic losses, and other injuries, harm, and noneconomic damages which are ongoing and the total

amount of which will be proven at trial, as well as economic damages, including, but not limited to past and future medical bills, physical and mental injuries.

19. Plaintiff claims all economic and non-economic damages, along with all compensatory, pecuniary, exemplary damages, and emotional distress damages. Plaintiffs past and future medical bills and his economic damages are in excess of $250,000.00 by the time of the trial of this action. Plaintiff reserves the right to seek other damages as appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in such amount as will be proven at the time of trial, together with such other and further relief as the jury or court deems appropriate. Plaintiff reserves the right to seek leave to amend as discovery progresses.

**PLAINTIFF demands a trial by jury as to all claims in this action.**

DATED this 29th day of October, 2021.

*/s/ Daniel R. Francis*
Daniel R. Francis
NC Bar # 44131
Dan Francis Law Firm PLLC
P. O. Box 575
Lexington, NC 27295
Office: 336-300-049
Fax: 866-751-8933
DanFrancis@Outlook.com

Attorney for Plaintiff